UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

      Plaintiff,                CIVIL ACTION NO. 17-cv-12862

    v.                               DISTRICT JUDGE ARTHUR J. TARNOW

TIMOTHY MOX *et al*.,         MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Injunction. (Docket no. 3.) Plaintiff has also submitted a Declaration in support of his Motion. (Docket no. 15.) Defendants have not responded to Plaintiff's Motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 19.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Injunction (docket no. 3) be **DENIED**.

**II.    REPORT**

Plaintiff Bryan Cary, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, against Corrections Officer Mox and the Special Activities Coordinator, a Deputy Director, and the Director of the Michigan Department of Corrections (MDOC) on August 22, 2017, claiming violations of his First and Fourteenth Amendment rights under the

1

United States Constitution and of Michigan's ethnic intimidation statute, Mich. Comp. Laws § 750.147b. (Docket no. 1.) Specifically, Plaintiff asserts that he is a member of the religious group known as the "Native American Traditional Way" (NATW), and he therefore has the absolute right to practice his religion and to possess sacred items such as a medicine bag, herbs, and protection medicines. (*Id*. at 4.) Plaintiff alleges that Defendant Mox violated his First Amendment right to the free exercise of religion and Fourteenth Amendment right to the equal protection of the law when Defendant Mox and another officer searched, desecrated, and destroyed Plaintiff's herbs. (*Id*. at 2, 4.) Plaintiff also alleges that Defendant Mox's conduct amounts to ethnic intimidation under Michigan law. (*Id*. at 2.) Plaintiff further alleges that the MDOC's Director, Deputy Director, and Special Activities Coordinator violated those same First and Fourteenth Amendment rights "by taking statements out of procedure and policy language and not replacing it with instructions allowing staff to claim ignorance even though they know the medicine bag and herbs are sacred and shouldn't be touched." (*Id*. at 4-5.) As relief, Plaintiff seeks a preliminary and permanent injunction ordering Defendants to stop physically touching medicine bags and herbs, $10,000 in compensatory damages, and $10,000 in punitive damages. (*Id*. at 3.)

Plaintiff filed the instant Motion for Injunction contemporaneously with his Complaint. (Docket no. 3.) In the Motion, Plaintiff requests "that the old handbook of religious groups be brought back into effect." Plaintiff explains in this regard that the old handbook contained several pages of information not in the current handbook, such as information that explained Native American traditions, the sacredness of the herbs and medicine bag, and how to search those items. Plaintiff therefore also requests that a prison policy and procedure be written regarding the proper way to search prisoners' herbs and medicine bags. He further requests that

2

prison staff be instructed to stop physically touching, damaging, defacing, desecrating, and destroying prisoners' herbs and medicine bags.

Federal Rule of Civil Procedure 65 authorizes the issuance of preliminary injunctions and temporary restraining orders. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). "The issuance of preliminary injunctive relief is committed to the discretion of the district court." *El-Shabazz v. Dunn*, No. 2:05-cv-17, 2006 WL 3500621, at *10 (W.D. Mich. Dec. 4, 2006) (citing *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1393 (6th Cir. 1987)). In deciding a motion for a preliminary injunction, the court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Overstreet*, 305 F.3d at 573 (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id. See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The burden of proof for a preliminary junction is "much more stringent than the proof required to survive a summary judgment motion." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (quoting *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). The burden further increases in situations where "a plaintiff seeks an injunction not merely to maintain the *status quo* pending resolution of the case, but to obtain affirmative relief." *Allen v. Shawney*, 11-10942, 2011 WL 5838480, at *4 (E.D. Mich. Oct. 5, 2011) (Hluchaniuk, Mag. J.), *report and recommendation adopted*, No. 11-CV-10942, 2011 WL 5838581 (E.D. Mich. Nov. 18, 2011).

Because a preliminary injunction's purpose is to preserve the status quo, three types of preliminary injunctions are particularly disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *Id*. (quoting *Schrier v. University of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005)).

The Court finds that Plaintiff has not met his heavy burden of showing a strong likelihood of success on the merits. The First Amendment Free Exercise Clause, made applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. The protections of the Free Exercise Clause apply to prisoners; however, "prison regulations that impinge on an inmate's constitutional rights are valid if they are 'reasonably related to legitimate penological interests.'" *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff has not shown that Defendant Mox's conduct in searching and disposing of Plaintiff's herbs or the revisions made to the MDOC's policies and procedures on the exercise of religion were unjustified by any legitimate penological concern. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (It is the prisoner's burden to disprove the validity of prison regulations.) Plaintiff has also failed to show that Defendants intentionally and purposefully discriminated against him because of his membership in a protected class, as is required to establish a claim under the Equal Protection Clause. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 426 (6th Cir. 2002). It is also not evident that Plaintiff will suffer irreparable injury without the injunctive relief that he seeks. Notably, Plaintiff does not allege that he was unable to acquire new herbs.

Moreover, prison administrators are given broad discretion in operating their prisons as long as they are pursuing legitimate penological objectives. It is well settled that "[w]here a prison inmate seeks an order enjoining state prison officials, [courts must] proceed with the utmost care and must recognize the unique nature of the prison setting." *Schuh v. MDOC*, No. 1:09-cv-982, 2011 WL 7139457, at *3 (W.D. Mich. Nov. 10, 2011) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984)). Courts should give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). By the same token, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979)). This precedent demonstrates that this Court is ill-suited to make preliminary decisions that would interfere with the operation of the prison system. Granting Plaintiff's motion would likely harm the orderly operation of the prison and, in turn, negatively affect the public welfare. Therefore, a balancing of the factors in this matter weighs substantially against a grant of preliminary injunctive relief.

Furthermore, the injunctive relief sought by Plaintiff goes beyond maintenance of the status quo, as it would require the court to order Defendants to affirmatively correct constitutional deficiencies that have not yet been proven. "Such affirmative relief generally is beyond the scope and purposes of preliminary injunctive relief." *Perdue v. Morgan*, No. 1:13-cv-878, 2014 WL 4912924, at *5 (S.D. Ohio Sept. 30, 2014) (citing cases). The injunctive relief sought through the instant Motion is also essentially the same as the injunctive relief that Plaintiff seeks in his Complaint. (*Compare* docket no. 1 at 3 *with* docket no. 3.) As discussed above, "[i]t is not appropriate to grant a preliminary injunction that effectively gives

5

the plaintiff the relief he is ultimately seeking in the litigation." *Blumenthal v. Combs*, No. 12-11859, 2013 WL 980252, at *1 (E.D. Mich. Mar. 13, 2013). For these reasons, Plaintiff's Motion for Injunction (docket no. 3) should be denied.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  February 8, 2018               s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  February 8, 2018               s/ Leanne Hosking
                                       Case Manager