UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B<small>RYAN</small> C<small>ARY</small>,

        Plaintiff,

v.

T<small>IMOTHY</small> M<small>OX, ET AL</small>.,

        Defendants.

_____/

Case No. 17-12862

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>RDER</small> A<small>DOPTING IN PART</small> R<small>EPORT AND</small> R<small>ECOMMENDATION</small> [36]; O<small>VERRULING</small> <small>IN PART</small> P<small>LAINTIFF'S</small> O<small>BJECTIONS</small> [41]; <small>AND</small> D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION FOR</small> I<small>NJUNCTION</small> [3]**

On August 22, 2017, Plaintiff Bryan Cary filed the instant prisoner civil rights action and Motion for Injunction [3]. On February 2, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") [36] recommending that the Court deny Plaintiff's Motion. Plaintiff filed Objections [41] to the R&R on March 14, 2018.

For the reasons stated below, the R&R [36] is **ADOPTED in part**; Plaintiff's Objections [41] are **OVERRULED in part**; and Plaintiff's Motion for Injunction [3] is **DENIED**.

**F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>**

The Court adopts the facts of this case as set forth in the R&R:

Plaintiff Bryan Cary, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, against Corrections Officer Mox

and the Special Activities Coordinator, a Deputy Director, and the Director of the Michigan Department of Corrections (MDOC) on August 22, 2017, claiming violations of his First and Fourteenth Amendment rights under the United States Constitution and of Michigan's ethnic intimidation statute, Mich. Comp. Laws § 750.147b.

Specifically, Plaintiff asserts that he is a member of the religious group known as the "Native American Traditional Way" (NATW), and he therefore has the absolute right to practice his religion and to possess sacred items such as a medicine bag, herbs, and protection medicines.

Plaintiff alleges that Defendant Mox violated his First Amendment right to the free exercise of religion and Fourteenth Amendment right to the equal protection of the law when Defendant Mox and another officer searched, desecrated, and destroyed Plaintiff's herbs. Plaintiff also alleges that Defendant Mox's conduct amounts to ethnic intimidation under Michigan law. Plaintiff further alleges that the MDOC's Director, Deputy Director, and Special Activities Coordinator violated those same First and Fourteenth Amendment rights "by taking statements out of procedure and policy language and not replacing it with instructions allowing staff to claim ignorance even though they know the medicine bag and herbs are sacred and shouldn't be touched."

As relief, Plaintiff seeks a preliminary and permanent injunction ordering Defendants to stop physically touching medicine bags and herbs, $10,000 in compensatory damages, and $10,000 in punitive damages. (internal citations omitted).

[R&R at 1-2].

## STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

## ANALYSIS

**I.　　Report & Recommendation [36]**

The R&R recommends that the Court deny Plaintiff's Motion for Injunction [3]. The Magistrate Judge applied the factors in *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F. 3d 566, 573 (6th Cir. 2002)[1] to assess whether to grant preliminary relief. The R&R found that Plaintiff had not met his burden of showing a strong likelihood of success on the merits of his First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims. The R&R noted that courts afford prison administrators broad discretion in operating prisons and explained that granting the motion would both harm operations and negatively impact the public. Finally, the R&R reasoned that the relief requested in the Motion [3] is especially unwarranted because it "goes beyond maintenance of the status quo, as it would require the court to order Defendants to affirmatively correct constitutional deficiencies that have not yet been proven." [R&R at 5].

---

[1] In determining whether to issue a preliminary injunction, *Overstreet* instructs courts to consider whether: 1) the movant has shown a strong likelihood of success on the merits; 2) the movant will suffer irreparable injury absent an injunction; 3) an injunction will cause substantial harm to others; and 4) the public interest will be served if an injunction issues.

The Court agrees with the R&R's conclusion that a balancing of the factors set forth in *Overstreet* weighs against granting preliminary relief. However, the Court declines to adopt the portion of the R&R that subjects Plaintiff to a higher burden of proof because he seeks to obtain affirmative relief, as opposed to maintain the status quo. [R&R at 3; 5] (citing *Allen v. Shawney*, No. 11-CV-10942, 2011 WL 5838480, at *4 (E.D. Mich. Oct. 5, 2011), *report and recommendation adopted,* No. 11-CV-10942, 2011 WL 5838581 (E.D. Mich. Nov. 18, 2011)). The Court need not apply this heightened standard to conclude that a preliminary injunction is unwarranted. Accordingly, the Court adopts in part the R&R, excluding any reference to a heightened standard imposed on claimants seeking affirmative preliminary injunctive relief.

## II. Plaintiff's Objections [41]

In Objection #1, Plaintiff objects to the R&R's conclusion that Plaintiff has failed to demonstrate a likelihood of success of the merits of his First Amendment Free Exercise claim. Plaintiff submits that he has shown a likelihood of success on the merits on his First Amendment claim because Defendant Mox searched and seized his religious herbs in violation of MDOC policy.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In order for Plaintiff to establish a Free

Exercise Clause violation, he must demonstrate that Defendant Mox's conduct and the MDOC regulations were not reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987).

Defendant Mox's alleged conduct of seizing Plaintiff's religious herbs, taken as true, supports a finding that Defendants impinged on Plaintiff's First Amendment right to practice his religion. However, this finding alone is insufficient to sustain a Free Exercise claim in the prison context – Plaintiff bears the additional burden of establishing that Defendant Mox's conduct of taking his herbs was unjustified by a legitimate penological interest. *See Spies v. Voinovich*, 173 F.3d 398, 409 (6th Cir. 1999) (Moore, J., dissenting) ("[A] prisoner cannot succeed in challenging a prison regulation merely by asserting that it violates a religious belief . . . . a prison regulation can be valid under *Turner* even if it *does* prevent a prisoner from engaging in a required religious practice."). Plaintiff has made no such showing here. Accordingly, Objection #1 is overruled.

In Objection #2, Plaintiff challenges the R&R's conclusion that he has failed to demonstrate a likelihood of success of the merits of his Equal Protection claim. In support of this argument, Plaintiff submits that he was the only native practitioner who had his herbs taken away and Defendants had no rational basis for engaging in such conduct.

To prevail on an equal protection claim, Plaintiff must demonstrate that Defendant Mox's conduct "constitutes disparate treatment of similarly-situated individuals . . . . [and] must further prove that the disparate treatment in question is the result of intentional and purposeful discrimination." *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015). Plaintiff has not offered any evidence of intentional discrimination by Defendant Mox. Therefore, he is unlikely to succeed on the merits of his Equal Protection claim. Objection #2 is overruled.

In Objection #3, Plaintiff contests the R&R's finding that he will not suffer irreparable injury absent injunctive relief. Plaintiff submits that he "can't pray[,] have protection[,] or make offerings" and has been "completely restricted from his lawfully possessed herbs since October 2017." [Dkt. #41 at 2]. In his Motion [3], Plaintiff asks that the Court order Defendants to reinstate the old handbook of religious groups, adopt policy provisions on how to properly search sacred items, and stop physically touching his sacred items.

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Accordingly, this factor favors Plaintiff, *see Jones v. Caruso*, 569 F.3d 258, 277 (6th Cir. 2009), and the Court declines to adopt the R&R's brief analysis of irreparable injury.

Nevertheless, although Plaintiff has shown irreparable injury, a balancing of all of the factors weighs against granting injunctive relief. Paramount is Plaintiff's failure to establish that he is likely to succeed on the merits of his constitutional claims. *See id.* ("[T]he 'likelihood of success' prong is the most important to [the Court's] analysis and often determinative in First Amendment cases."). Moreover, as noted in the R&R, granting Plaintiff's Motion may harm the orderly operation of the prison. Thus, Objection #3 is overruled in part.

In Objection #4, Plaintiff objects to the deference the R&R affords to prison officials and the R&R's finding that the relief requested would likely harm the orderly operation of the prison and negatively affect the public welfare.

"When evaluating the conduct of prison officials, the courts must accord prison administrators 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

In addition to seeking the return of his sacred herbs, Plaintiff asks the Court to order Defendants to institute prison-wide policies and procedures. At this early stage in the proceedings, requiring Defendants to rewrite their policies may adversely affect operations and other prisoners. The Magistrate Judge appropriately deferred to Defendants on the issue of creating and implementing

policies that best address the needs of prison safety and security. As such, Objection #4 is overruled.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the R&R [36] is **ADOPTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [41] are **OVERRULED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction [3] is **DENIED**.

**SO ORDERED**.

Dated: March 22, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge