UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRYAN CARY,**

    **Plaintiff,**                              CIVIL ACTION NO. 17-cv-12862

    v.                                     DISTRICT JUDGE ARTHUR J. TARNOW

**TIMOTHY MOX** *et al.*,              MAGISTRATE JUDGE MONA K. MAJZOUB

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Bryan Cary, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, against Corrections Officer Timothy Mox and the Special Activities Coordinator, a Deputy Director, and the Director of the Michigan Department of Corrections (MDOC) on August 22, 2017, claiming violations of his First and Fourteenth Amendment rights under the United States Constitution and of Michigan's ethnic intimidation statute, Mich. Comp. Laws § 750.147b. (Docket no. 1.) David Leach appeared in this matter as the MDOC's Special Activities Coordinator, and Heidi Washington appeared as the Director of the MDOC. (*See* docket no. 27, docket no. 28 at 6.) The court dismissed Plaintiff's claims against Defendants Leach, Washington, and the unnamed "Deputy Director of MDOC" on September 14, 2018. (Docket no. 61.) All that remain are Plaintiff's claims against Defendant Mox.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (docket no. 50) and Defendant Mox's Motion to Dismiss (docket no. 52). Defendants filed a Response to Plaintiff's Motion, to which Plaintiff replied, and Plaintiff filed a Response to Defendant Mox's Motion. (Docket nos. 53, 55, 56.) All pretrial matters have been referred to the undersigned for

consideration. (Docket no. 19.) The undersigned has reviewed the above-cited pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

## I. RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 50) be **DENIED**, Defendant Mox's Motion to Dismiss (docket no. 52) be **GRANTED**, and that Plaintiff's claims for injunctive relief be dismissed as moot.

## II. REPORT

### A. Background

Plaintiff is currently on parole; however, the events giving rise to the Complaint allegedly occurred while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*See* docket no. 1 at 1; Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS)[1].) As an initial matter, Plaintiff explains in the Complaint that he is a member of the religious group known as the "Native American Traditional Way" (NATW) and argues that he therefore has the absolute right to practice his religion and possess sacred items such as a medicine bag, herbs, and protection medicines. (*Id*. at 4.) Plaintiff asserts that he previously filed and settled three lawsuits related to the improper taking of his sacred medicine bag. (*Id*.) One of these lawsuits was against Deputy Warden Smith, who, on or about June 21, 2017, allegedly informed MDOC staff that Plaintiff's medicine bag and its contents were not to be touched, and if staff wanted to search it, they could have Plaintiff empty the bag, and they could then visually inspect the bag and its contents. (*Id*. at 2.)

---

[1] The court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

Nevertheless, Plaintiff alleges that on July 1, 2017, Defendant Mox, a "seasoned" corrections officer, and Corrections Officer Holshoes, a "rookie" corrections officer, shook down his cell, and Defendant Mox instructed Officer Holshoes to search Plaintiff's bag of Native American herbs. (Docket no. 1 at 1, 2, 4.) Plaintiff alleges that Defendant Mox knew that Plaintiff's herbs were not supposed to be touched, which is why he instructed rookie Officer Holshoes to do it. (*Id*. at 2, 4.) According to Plaintiff, Officer Holshoes dumped some of Plaintiff's herbs into his hand and then into the toilet. (*Id*. at 1, 2, 4.) Plaintiff alleges that Defendant Mox caused his herbs to be destroyed by ordering Officer Holshoes to search them. (*Id*. at 4.)

Plaintiff alleges that Defendant Mox then completed a Contraband Removal Record form for Plaintiff's bag of remaining herbs, telling Plaintiff that he was not allowed to have the herbs and that he was going to take the herbs and physically search them. (Docket no. 1 at 2, 4.) Plaintiff asserts that he argued with Defendant Mox regarding whether he was allowed to possess the herbs and against the taking and searching of the herbs, but Defendant Mox took them anyway and later admitted to physically searching them. (*Id*.) Plaintiff informs that Corrections Officer Heskett made Defendant Mox return the herbs to Plaintiff the next day, as Officer Heskett was aware of the settlement and knew that the herbs were not supposed to be touched. (*Id*.) Plaintiff alleges that Defendant Mox, by taking and physically searching Plaintiff's herbs, "desecrated [Plaintiff's] protection medicine" to the point where the herbs could no longer be used, and Plaintiff had to throw them away. (*Id*.)

Plaintiff claims that Defendant Mox's actions violated his First Amendment right to the free exercise of religion and his Fourteenth Amendment right to the equal protection of the law. (*Id*.) Plaintiff also claims that Defendant Mox's actions amount to ethnic intimidation under Michigan law. (*Id*. at 2.) As relief, Plaintiff seeks a preliminary and permanent injunction ordering

3

Defendant Mox to stop physically touching medicine bags and herbs, $10,000 in compensatory damages, and $10,000 in punitive damages. (*Id.* at 3.)

**B. Law and Analysis**

*1. Plaintiff's Motion for Summary Judgment [50]*

Plaintiff moves for summary judgment against Defendant Mox on the following grounds: (1) he has properly exhausted his administrative remedies with regard to his claims against Defendant Mox; (2) he has shown how Defendant Mox was personally involved in the events underlying his Complaint; (3) Defendant Mox is trying to escape liability by refusing to sign and return the Waiver of the Service of Summons; and (4) Defendant Mox cannot claim ignorance of the MDOC's policies and procedures. (Docket no. 50.)

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Where, as here, the party moving for summary judgment also bears the burden of persuasion, the party's "initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (citation omitted). In such cases, summary judgment "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Federal Rule of Civil Procedure 56 expressly provides that:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

Plaintiff moves for summary judgment on the basis that Defendant Mox is trying to escape liability by refusing to sign and return the Waiver of the Service of Summons. (Docket no. 50 at 2, 4.) A motion for summary judgment, however, is not the proper legal tool to address such a situation. Rather, Federal Rule of Civil Procedure 55 governs cases in which a defendant fails to plead or otherwise defend, and it provides for the entry of default and default judgment against that defendant upon application of the plaintiff. Fed. R. Civ. P. 55. Additionally, this issue is moot, as Defendant Mox filed his initial appearance in this matter a week after Plaintiff filed the

5

instant Motion for Summary Judgment. (Docket no. 51.) Furthermore, the fact that Plaintiff filed this Motion for Summary Judgment before Defendant Mox appeared in this matter suggests that Plaintiff's Motion is premature. The Court will nevertheless address the other grounds for summary judgment advanced by Plaintiff in his Motion.

Plaintiff argues that he is entitled to summary judgment because he has exhausted his administrative remedies against Defendant Mox. (Docket no. 50 at 2, 3.) The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

It is not the prisoner's burden to plead or prove that he has successfully exhausted his administrative remedies in his complaint. *Jones*, 549 U.S. at 216. Rather, failure to exhaust administrative remedies is an affirmative defense, *id.*, and so Defendant Mox carries the burden of proof on the issue, *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012). Here, Defendant Mox concedes that Plaintiff properly exhausted his administrative remedies with respect to his claim that Defendant Mox searched his cell and confiscated his herbs. (Docket no. 53 at 12.) Accordingly, Plaintiff has successfully complied with the PLRA's exhaustion requirements in order to bring his claims against Defendant Mox. But, as Defendant Mox correctly asserts, proper

6

exhaustion of a claim does not support a finding of summary judgment on the merits in Plaintiff's favor. (*See id.* at 13.)

Plaintiff also moves for summary judgment on the basis that he has shown that Defendant Mox was personally involved in the events underlying the Complaint; specifically, that Defendant Mox is the officer who confiscated and searched his herbs. (Docket no. 50 at 2, 4.) Indeed, Plaintiff has sufficiently alleged Defendant Mox's personal involvement in this matter. Plaintiff has also submitted a July 1, 2017 Contraband Removal Record, which shows that Defendant Mox was somehow involved in the confiscation of his herbs. (Docket no. 56 at 7). But Plaintiff's allegations and the Contraband Removal Record are sufficient only to state a claim for relief. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (To state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that each defendant was personally involved in the alleged constitutional violation.). To be entitled to summary judgment, Plaintiff must also submit evidence to show that there is no genuine dispute as to any material fact that Defendant Mox's actions related to the confiscation of the herbs violated Plaintiff's constitutional rights. Plaintiff has not done so here.

Instead, Plaintiff argues in his Motion that MDOC policy and procedure make it clear that Plaintiff can possess the sacred herbs and provide instructions regarding the proper method for searching the herbs. (Docket no. 50 at 5-6.) Plaintiff further argues that Defendant Mox cannot claim ignorance of those policies and procedures. (*Id.* at 2, 6-7.) The policy on which Plaintiff primarily relies is MDOC Policy Directive 05.03.150, which provides that "prisoners are allowed to possess personal religious property which is necessary to the practice of the prisoner's religion unless an item presents a threat to the safety, security, and good order of the facility, as determined by the Deputy Director and subject to PD 04.07.112 "Prisoner Personal Property." (*Id.* at 5.) In

addition, Plaintiff relies on the corresponding operating procedure issued by the G. Robert Cotton Correctional Facility, JCF-OP 05.03.150, which provides that "[a] prisoner may purchase and possess those items necessary to practice their designated religion, provided that those items do not pose a threat to the order and security of the facility." (*Id.*)

Here, Plaintiff has presented evidence that shows that Defendant Mox was involved in the confiscation of his herbs, but he has produced no evidence that definitely demonstrates that Defendant Mox violated the applicable policy and procedure in doing so. In fact, Plaintiff has made allegations and produced evidence showing that Defendant Mox's actions may not have violated Policy Directive 05.03.150. Specifically, Plaintiff asserts that the herbs Defendant Mox confiscated were not in his medicine bag, but in the bag they were purchased in. (Docket no. 56 at 2.) And an Administrative Hearing Report produced by Plaintiff suggests that any herbs located outside of a prisoner's personal medicine bag are considered excessive property, which is categorized as contraband and subject to confiscation under MDOC policy. (*Id.* at 13.)

Moreover, "[w]hether negligent or deliberate, a violation of an internal prison policy, in and of itself, does not equate to a violation of a constitutional right." *Frost v. Stalnaker*, No. 1:09-cv-662, 2010 WL 5830446, at *6 (S.D. Ohio Dec. 17, 2010), *report and recommendation adopted*, No. 1:09cv662, 2011 WL 672049 (S.D. Ohio Feb. 17, 2011) (citing *Huron Valley Hospital, Inc. v. Pontiac,* 887 F.2d 710 (6th Cir. 1989), *cert. denied,* 479 U.S. 885 (1986)). Plaintiff's Motion does not address the constitutional implications of the alleged policy violations, and more importantly, it does not substantively address the constitutionality of Defendant Mox's alleged actions. Plaintiff simply has not shown the absence of a genuine issue of material fact that Defendant Mox's actions violated his constitutional rights. And Plaintiff certainly has not met his heightened summary judgment burden of showing that the record contains such powerful evidence

that Defendant Mox violated his constitutional rights which no reasonable jury would be free to disbelieve. *See Cockrel, supra*. For all of these reasons, Plaintiff's Motion for Summary Judgment should be denied.

### 2. Defendant Mox's Motion to Dismiss [52]

Defendant Mox moves to dismiss certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket no. 52.) A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Defendant Mox moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim for monetary damages to the extent that Plaintiff seeks to recover against him in his official capacity. (Docket no. 52 at 1, 3, 7-8.) "[T]he Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities." *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Thus, Plaintiff's claim for monetary damages against Defendant Mox in his official capacity is barred by the Eleventh Amendment and should be dismissed.[2]

Defendant Mox also moves to dismiss Plaintiff's claim brought under the Equal Protection Clause of the Fourteenth Amendment. (Docket no. 52 at 1.) In support of this motion, Defendant Mox contends that Plaintiff fails to state a cognizable claim under the Equal Protection Clause because the Complaint is void of any factual allegations that he intentionally discriminated against Plaintiff on the basis of race or treated Plaintiff differently than similarly situated prisoners. (*Id.* at 3, 8.) In response, Plaintiff asserts that he has never alleged racial discrimination in this matter. (Docket no. 55 at 2.) Plaintiff asserts, seemingly for the first time in his Response brief, that he was being treated differently than similarly-situated prisoners. (*Id.*) Plaintiff also contends that he can show that he was intentionally and arbitrarily treated differently because Defendant Mox did not take or physically search the herbs of any other prisoner. (*Id.* at 3.) Plaintiff further

---

[2] Plaintiff concedes this point and apologizes to the court for wasting its time on this issue. (Docket no. 55 at 2.)

10

contends that he can prove that Defendant Mox had no rational basis to physically search the herbs in violation of MDOC policy and procedure. (*Id.*)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). Under the Equal Protection Clause, the government is prohibited from engaging in discrimination that: (1) burdens a fundamental right; (2) targets a suspect class; or (3) "intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) (citing *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005)).

The first prong of *TriHealth* does not apply in this case, as the fundamental rights analysis applies only to claims in which the plaintiff alleges that the government infringed on the fundamental right of a class of people. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260-61 (6th Cir. 2006). Plaintiff does not make such an allegation here. Plaintiff also does not allege that he is a member of a suspect class so as to implicate the second prong. The third prong, commonly known as a "class-of-one" theory, requires a plaintiff to prove that he was intentionally treated differently from other similarly situated individuals without a rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff establishes that government action lacks a rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc.*, 430 F.3d at 788 (citation omitted).

11

Here, Plaintiff makes only a passing reference to the Fourteenth Amendment in his Complaint, contending in conclusory fashion that Defendant Mox violated his Fourteenth Amendment right of equal protection. (Docket no. 1 at 2, 4.) Nowhere in the Complaint does Plaintiff make any allegations, factual or otherwise, that Defendant Mox treated him differently than similarly situated prisoners without a rational basis for doing so. Even construing the Complaint in a light most favorable to Plaintiff, there are no allegations from which the court could infer that Defendant Mox treated Plaintiff differently than similarly situated prisoners. The Court acknowledges that Plaintiff made some allegations in this regard in his Response brief. (Docket no. 55 at 2-3.) But apart from the fact that these allegations are no more than legal conclusions, new allegations made for the first time in response to a dispositive motion cannot remedy a pleading deficiency. *See Edkins v. United States*, No. 13-CV-14421, 2015 WL 871587, at *7 (E.D. Mich. Feb. 27, 2015) ("Plaintiff may not attempt to cure his deficient pleading by alleging additional facts—which are still vague and conclusory—in a sur-reply to a motion to dismiss."). Therefore, Plaintiff has failed to state a plausible claim for relief under the Equal Protection Clause of the Fourteenth Amendment, and the claim should be dismissed pursuant to Rule 12(b)(6).

### 3. *Plaintiff's Claims for Injunctive Relief*

The Court recommends that Plaintiff's claims for injunctive relief be dismissed as moot because Plaintiff has been released from prison and placed on parole. *See Dellis v. Corr. Corp. Of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982).

### C. **Conclusion**

For the reasons stated herein, it is recommended that the court **DENY** Plaintiff's Motion for Summary Judgment (docket no. 50), **GRANT** Defendant Mox's Motion to Dismiss (docket no. 52), and dismiss Plaintiff's claims for injunctive relief as moot. Should this recommendation

be adopted, Plaintiff's claims for monetary damages under the First Amendment and Michigan's ethnic intimidation statute that he brings against Defendant Mox in his individual capacity would be all that remain.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 22, 2019        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

   I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  January 22, 2019   <u>s/ Marlena Williams</u>
              In the absence of Leanne Hosking
              Case Manager